

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-31,454-03 & WR-31,454-04

### EX PARTE RODNEY ELNESTO SMILEY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

### CAUSE NO. C-213-010293-1011284-B
### IN THE 213TH DISTRICT COURT FROM TARRANT COUNTY

### CAUSE NO. W94-02594-U(A)
### IN THE 291ST DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerks of the trial courts transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In 1994, Applicant was convicted of theft in Dallas County and sentenced to twenty-five years' imprisonment. In 2006, while he was out of custody on parole, he was convicted of injury to a child in Tarrant County, and sentenced to ten years' imprisonment.

Applicant's theft conviction is subject to the pre-1996 mandatory supervision statute, while his injury to a child is governed by the current "discretionary" mandatory supervision statute. Applicant contends, among other things, that the Board of Pardons and Paroles did not timely vote in 2010 on his discretionary mandatory supervision release for the injury to a child conviction, and when the Board did vote to keep him in prison, they used the denial of release to mandatory supervision to deny his release to mandatory supervision on the theft conviction. TDCJ responds that an offender may not be released to mandatory supervision until eligible to be released on all mandatory eligible offenses.

We order that this application be filed and set for submission to determine the remedy, if any, for the failure to vote on Applicant's original discretionary mandatory release date in a timely fashion, and the legality of TDCJ's policy of not "releasing" a prisoner to mandatory supervision on one concurrent sentence until the prisoner is "eligible for release" on all concurrent sentences. The parties are invited to brief these issues. The Office of General Counsel of TDCJ is also invited to file a brief.

All briefs shall be filed with this Court within 60 days of the date of this order.


Delivered: April 29, 2015
Do not publish